IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph B. Gaines, | ) | C/A No. 6:10-1214-JFA-KFM |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Joseph B. Gaines, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and summarized as follows. The plaintiff alleges disability as of December 1, 2005, due to non-insulin dependent diabetes

3

mellitus, Type II, obesity, hypertension, with congestive heart failure and renal and stenotic complications, high cholesterol, and obstructive sleep apnea. The plaintiff was 52 years old at the time he alleges he became disabled. He has a high school education and one year of college, as well as 24 years work history with Exide, which ended in 2001 when the plant closed. Thereafter he performed auto body work until December 1, 2005, the date he alleges he became disabled. He has past relevant work experience as a battery assembler, quality control inspector, and battery repair person.

The plaintiff's DIB application, filed April 24, 2006, was denied initially and on reconsideration. The ALJ held a hearing and later issued a decision on October 31, 2008, concluding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review on March 17, 2010, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on May 12, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

At the first three steps of the ALJ's inquiry, the ALJ found that Plaintiff had not performed substantial gainful activity since the alleged onset date of disability; that he had "severe" impairments; and that his impairments did not meet or equal the criteria of any impairments in the Listings so as to be per se disabling. 20 C.F.R. pt. 404, subpt. P, app. 1.

The ALJ found the plaintiff had severe impairments of non-insulin dependent diabetes mellitus (NIDDM) and obesity, rendering him unable to perform any of his past relevant work (PRW), but he nevertheless retained the residual functional capacity (RFC) to perform light work. The ALJ further found that plaintiff's hypertension, high cholesterol, sleep

4

apnea, and congestive heart failure were non-severe.

Next, the ALJ found that plaintiff's subjective complaints concerning the severity of his symptoms and the extent of his limitations were not fully credible and that he had the RFC to perform light work (lift and carry 20 pounds occasionally and 10 pounds frequently; sit six hours, and stand/walk six hours in an eight-hour day, with no more than occasional stooping, crouching, kneeling, and climbing of stairs or ramps and he can occasionally crawl and climb ladders or scaffolds).  The ALJ further found that the plaintiff did not have visual, manipulative, communicative, or environmental limitations.

At steps four and five, the ALJ found plaintiff could not perform his past relevant work, but could perform other jobs in the national economy based on the testimony of the vocational expert (VE).   Thus, the ALJ concluded that plaintiff was not disabled.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by

(1)   finding that plaintiff's hypertension and congestive heart failure were not severe impairments;

(2)   improperly dismissing the opinions of his treating physician;

(3)   denying benefits based on the plaintiff's non-compliance with treatment;

(4)   improperly assessing the plaintiff's credibility; and

(5)   failing to offer a proper hypothetical to the VE.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge finds that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed.  For the

reasons stated below, the court adopts the Magistrate Judge's recommendation and affirms the Commissioner's decision.

## DISCUSSION

Although this court may a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*Non Severe Impairments*

While the ALJ found that the plaintiff had the severe impairments of diabetes and obesity, the ALJ did not find the plaintiff's impairments of hypertension and congestive heart failure to be severe so as to significantly affect the plaintiff's ability to work. The plaintiff contends that the Magistrate Judge erred by upholding the ALJ's assessment.

Essentially, the plaintiff contends that by October 2007, there was a significant progression in the Stage II hypertension and that the under *Martin v. Secretary of DHEW*, 492 F.2d 905 (4th Cir. 1974), the fact that the plaintiff had suffered no end organ damage as a result of either hypertension or diabetes or both did not require rejection of a disability claim. Further, the plaintiff asserts that the ALJ's failure to find the hypertension to be a severe impairment directly impacts the plaintiff's RFC used by the ALJ.

The government argues that the ALJ must decide, at step two of the sequential evaluation, whether the "stage II" hypertension caused a significant limitation on his ability to work. Without evidence from the plaintiff in the medical record, the ALJ could not find

6

significant limitations. The court agrees with the Magistrate Judge that the ALJ's decision was based on substantial evidence and without error.

*Noncompliance With Treatment*

Plaintiff also argues that the ALJ erroneously relied on the plaintiff's noncompliance with treatment in making the determination that the diabetes and obesity were not severe so as to cause a significant limitation on his ability to work. The ALJ considered the fact that the plaintiff had failed take his medications, adhere to a diet, and drank beer. However, this was not an automatic decision; the ALJ considered those facts of noncompliance along with other factors in assessing the plaintiff's credibility of his assertions of disabling limitations. The court agrees with the Magistrate Judge that the ALJ's decision was not in error.

*Plaintiff's Credibility*

The plaintiff argues that the ALJ failed to follow SSR 96-7p which necessitates that the ALJ should consider the plaintiff's prior long time work record, in determining the plaintiff's credibility. The court agrees with the Magistrate Judge that no error occurred because work history is just one factor relevant to the credibility analysis. Moreover, the ALJ cited substantial evidence and valid explanations supporting his credibility finding regarding the plaintiff (i.e., non compliance with treatment; effectiveness of treatment when it was complied with; lack of objective medical evidence supporting plaintiff's claims).

*Treating Physician's Opinion*

The plaintiff argues that the ALJ failed to comply with the mandate of § 404.1527(d) with regard to the five factors used to determine what weight should be given to the treating physician's opinion (i.e., length/frequency of treatment; nature/extent of treatment; evidence

7

supporting physician's decision; consistency of decision; and whether physician is a specialist). Although the ALJ must give specific reasons for the weight given, the ALJ is not required to explicitly discuss each factor in the written discussion. The ALJ discussed the pertinent factors in this case and the court agrees with the Magistrate Judge's conclusion that no error occurred.

*VE Hypothetical*

In his brief, the plaintiff challenges the ALJ's hypothetical question to the VE that the question did not fairly set out all of the plaintiff's impairments. The Magistrate Judge found, and this court agrees, that the ALJ's question reflected the credible limitations on the plaintiff's ability to work and was without error. The plaintiff did not raise an objection to this finding.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

September 7, 2011                               Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge